IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACEY THOMPSON, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:22-CV-2839-G-BK |
| | § | |
| APPLE, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. The Court granted Plaintiff Tracey Thompson's motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 5. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** for failure to state a claim.

**I. BACKGROUND**

On December 19, 2022, Thompson filed his *pro se* complaint against Apple. Doc. 3 at 1-4. The complaint is difficult to decipher and consists mostly of a stream-of-consciousness narrative As best the Court can glean, Thompson asserts that she was injured on December 18, 2019, when her iPhone malfunctioned, resulting in emergency room and follow-up doctor visits. Doc. 3 at 1-3. Thompson maintains that the skin on her fingers burned as a result of "radiation" from the phone. Doc. 3 at 4. She also alleges, "My fingers were burning, numbing, tingling very painful. I wore tape . . . gloves to help stop the pain" but "I could not sleep, at all [sic] night."). Doc. 3 at 3. Thompson avers that she was unaware of the specific cause of her injuries until a

friend obtained information about "an A1-13-bionic chip [that] was used or designed by Apple." *Id.*  So she argues Apple is "strictly liable" for her injuries and that the discovery rule should extend the statute of limitations.  Doc. 3 at 4 ("Strict liability is out of negligence—automatically liable for injuries and damages when Apple engage [sic] in certain prohibited conduct."); Doc. 3 at 5 ("Discovery rule gives me two years from the date I discovered the injury December 18-2019 until 2022 file case[.]").¹

The Court granted Thompson an opportunity to expound on the factual allegations of her claim by answering the magistrate judge's questionnaire (MJQ), which she has now done.  Doc. 7.  With her MJQ response, however, Thompson includes multiple supplemental pleadings (over 50 pages), some are titled amended complaints, which are as difficult to decipher as her initial pleading and largely nonsensical.  Doc. 8.  In these additional filings, as liberally construed, Thompson asserts claims against Apple and the manufacturer of the semiconductor chips for strict product liability because of design defects and deceptive advertising under the Texas Deceptive Trade Practices Act (DTPA).  Doc. 8 at 2-3; Doc. 8 at 10-33.  Thompson encloses photographs of her allegedly burned fingers and attaches handwritten and mostly irrational notes about subjects that include FINFET, gate pitch, metal pitch, transistors, the "A13 Bionic."  Doc. 8 at 13-18.  Thompson also asserts that Apple intended to harm her through the Bionic chip design, claiming that the chip was designed "to deliberately affect our (my) neurons by networking with others involved as an organization to hire house engineers from the German made machine's makers . . . ."  Doc. 8 at 19.

---

¹ Apparently concerned about the statute of limitations, Thompson concedes that she raised the same claims in a previous case against CT Corp., which was the wrong defendant.  Doc. 3 at 2; *see Thompson v. CT Corp. System*, No. 3:22-CV-150 (N.D. Tex. Apr. 5, 2022).  That case was dismissed with prejudice for failure to state a claim.  Civ. Doc. 13.

In addition, Thompson appears to complain about deceptive advertising. Doc. 8 at 19-20. She makes the incredible allegation that Apple "used the (transisters) along with the (conductors) while the phone was charging us with more spiking than we were using or used to as humans" and that this "injured my fingers, brain receptors had an affect on responses to sensory, motor all nerves." Doc. 8 at 20 (errors in original). Thompson also asserts that the hidden power of "the frequencies of radiation" that are "hidden invisible to all consumers" and "dangerous [sic] to my DNA" and the effect of "radio frequencies" and "artificial power." Doc. 8 at 22-26. *See also* Doc. 8 at 27-33 (supplemental allegations about the bionic chip and FCC approval).

Thompson apparently relies on her MJQ response and "amended complaints" to support her claim for damages. Doc. 8 at 34-44 (MJQ response); Doc. 8 at 45-56. In the MJQ response, Thompson confirms that she is asserting diversity jurisdiction and seeks damages of more than $3 million. Doc. 8 at 34-36.

Upon review, the Court finds that Thompson's complaint, as supplemented by the MJQ responses and supplemental pleadings, lacks plausible factual enhancement from which the Court can glean the statement of any cognizable legal claim. Therefore, the complaint should be dismissed for failure to state a claim.

## II. ANALYSIS

Because Thompson is proceeding *in forma pauperis*, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the sua sponte dismissal of a complaint, if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

The analysis begins with the court's consideration of whether a party has complied with Rule 8 of the Federal Rules of Civil Procedure. *Twombly*, 550 U.S. at 557 (noting that Rule 12(b)(6)'s plausibility element derives from the threshold requirement of Rule 8(a) that the complaint "possess enough heft to show that the pleader is entitled to relief") (cleaned up). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than just allege legal conclusions or recite the elements of a cause of action. *Id.* at 555 & n.3. Specifically, Rule 8 requires that a complaint (1) set forth a "short and plain statement of the claim showing that the pleader is entitled to relief" and (2) be "simple, concise and direct." FED. R. CIV. P. 8(a), (d). This serves two purposes. First, it "eliminate[s] prolixity in pleading and . . . achieve[s] brevity, simplicity, and clarity." *Gordon v. Green*, 602 F.2d 743, 746 (5th Cir. 1979) (citation omitted). Second, the requirements of Rule 8(a) compel litigants to file straightforward pleadings "so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *Hall v. Civ. Air Patrol, Inc.*, 193 Fed. Appx. 298, 299-300 (5th Cir. 2006) (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). As aptly noted in *Garst*, "[f]ederal judges have better things to do, and the substantial subsidy of litigation . . . should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim." 328 F.3d at 378.

As demonstrated, even under the most liberal construction, Thompson's complaint—as supplemented by the MJQ response and supplemental filings—fails to comply with Rule 8(a).

*See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The Court recognizes that *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But "[e]ven a liberally construed *pro se* . . . complaint . . . must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). Further, the verbatim recitals of Thompsons allegations demonstrate better than description that many of them also border on the irrational and incredible. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The implausibility of Thompson's factual assertions aside, she has also failed to plead facts from which the Court can glean the existence of the elements of the claims she purports to assert.

Thompson alleges strict product liability for an allegedly defective design. In Texas, such a claim requires a plaintiff to plead: "(1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was the producing cause of the injury for which the plaintiff seeks recovery." *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 765 (5th Cir. 2018). Here, Thompson fails to adequately allege a design defect, a causal connection, or the existence of a safer alternative design. As such, Thompson has not pleaded enough facts to "state a claim that is plausible on its face." *Iqbal*, 556 U.S. 662, 678. *Cf. Funk*, 631 F.3d at 782 (dismissing as "impermissibly conclusory and vague" a manufacturing defect product liability claim).

To the extent Thompson is attempting to state a claim under the DTPA, she likewise fails. At bottom, she has pled none of the required elements of such a claim. *See Hugh Symons Grp., plc. v. Motorola, Inc.*, 292 F.3d 466, 468 (5th Cir. 2002) ("The elements of a valid DTPA

complaint are: (1) the plaintiff is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts; and (3) these acts constituted a producing cause of the consumer's damages." (citations omitted)).

### III. LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768. As discussed here, Thompson has failed to state a cognizable claim or allege any plausible facts from which a cognizable claim can be inferred. As detailed here, the Court has already given Thompson an opportunity to clarify and state facts in support of her claims through the MJQ. Doc. 8. Based on the most deferential view of her complaint, the MJQ response and many supplemental pleadings, it is unlikely that, given the further opportunity, Thompson can cogently allege viable legal claims. Thus, the Court concludes that Thompson has already pled her best case and granting further leave to amend would be futile and cause needless delay.

### IV. CONCLUSION

Because Thompson has wholly failed to state a legally cognizable claim, this action should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on January 22, 2024.

*[signature]*
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).